Barry I. Levy (N.D.N.Y. Bar No. 511105)
Barry S. Cohen, Esq.
Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP
225 Broadway –13th Floor
New York, New York  10007
(212) 267-9020

*Counsel for Plaintiff, National Life Insurance Company*

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

APR 18 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATIONAL LIFE INSURANCE COMPANY,

      Plaintiff,

  -against-

THE ESTATE OF RICHARD M. HILL,
KERRINGTON H. McCOY a/k/a KERRINGTON
HILL, Individually and in her Capacity as the
Executrix of the Estate of Richard M. Hill and
COURTNEY HILL FULLER a/k/a COURTNEY
HILL,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.:

05 -CV- 0477

TJM / DEP

## COMPLAINT

  Plaintiff, National Life Insurance Company, by and through its counsel, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP, complaining of the Defendants, The Estate of Richard M. Hill, Kerrington H. McCoy a/k/a/ Kerrington H. Hill, Individually and in her Capacity as the Executrix of the Estate of Richard M. Hill and Courtney Hill Fuller a/k/a Courtney Hill (collectively referred to as "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.    This an action arising brought pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, §1397 and §2361 and the Declaratory Judgment Act, 28 U.S.C. §2201, seeking (a) to resolve competing claims by individuals that purport to be the owner and beneficiary of a life insurance policy that was issued by National Life Insurance Company on the life of Richard M. Hill, and (b) a declaration that the Estate of Richard M. Hill is required to reimburse National Life Insurance Company for monies that were paid to Mr. Hill in error during his lifetime as a loan on the life insurance policy at issue.

2.    On or about January 16, 2005, Richard M. Hill died. Since his death, National Life has been presented with competing claims from two (2) daughters of Mr. Hill, both of whom claim to be the rightful owner and beneficiary of a life insurance policy that National Life issued on the life of Mr. Hill. In addition, National Life has recently discovered that as a result of a clerical error committed during the course of Mr. Hill's life, it paid Mr. Hill approximately $25,000 in error, and seeks a declaration that it is entitled to reimbursement of that money since it may be responsible to pay all or some of that money to the rightful beneficiaries under the life insurance policy or a credit as against the monies that may be due and owing..

3.    National Life is ready and willing to pay the proceeds from the life insurance policy into the clerk of the court and to abide by the Court's determination in this Action regarding the distribution of the life insurance proceeds.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§ 1335 and §1332, as well as under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

5. Two or more of the Defendants in this action (known as the adverse claimants pursuant to 28 U.S.C. §1335) are of diverse citizenship, and the amount in controversy exceeds $500.00 dollars.

6. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(a)(2) as the Estate is domiciled in this District and part of the property which is the subject matter of this Action, is located within this District.

## THE PARTIES

7. At all relevant times, Plaintiff, National Life Insurance Company ("Plaintiff" or "National Life") was a stock life insurance company organized and existing under the laws of the State of Vermont with its principal place of business in Montpelier, Vermont. National Life is authorized to, among other things, issue life insurance policies in the State of New York.

8. At all relevant times, Defendant, The Estate of Richard M. Hill was an estate created under the last will and testament of Richard M. Hill which is subject to probate in Broome County which is within the State of New York.

9. At all relevant times, Defendant, Kerrington H. McCoy a/k/a Kerrington M. Hill ("Kerrington") was the lawful daughter of Richard M. Hill and is a

resident of the State of Virginia. In addition, Kerrington is the Executrix of the Estate of Richard M. Hill and responsible for the administration of and probate of the Estate.

10. At all relevant times, Defendant, Courtney Hill a/k/a Courtney Hill Fuller (hereinafter referred to as "Courtney") was the lawful daughter of Richard M. Hill and is a resident of the State of Massachusetts.

## BACKGROUND FACTS RELEVANT TO ALL CLAIMS

11. On or about October 7, 1986, National Life issued Policy No. 2000813 to Richard M. Hill, insuring his life (hereinafter referred to as "Policy No. 1"). Pursuant to the terms of the Policy, and in consideration of the payment of premium, National Life contracted to pay to the named beneficiaries under Policy No. 1, the amount of $200,000 upon Mr. Hill's death.

12. In or about October of 1990, Mr. Hill elected to split Policy No. 1 between his 2 daughters, Kerrington and Courtney, as part of a restructuring of all of the life insurance policies that were then in effect with National Life.

13. As a result, and on or about October 5, 1990, Mr. Hill executed documents through which he accomplished the following:

(a) Mr. Hill reduced the face amount of Policy No. 1 from $200,000 to $120,000, and

(b) Mr. Hill had a second separate and distinct life insurance policy created using $80,000.00 of the face amount of Policy No. 1. The second policy

was issued by National Life retroactive to October 1986 and identified as Policy 2156490 ("Policy No. 2").

14.     Contemporaneously with the split of Policy No. 1 and the creation of Policy No. 2, Mr. Hill executed a series of documents in which he transferred his then ownership in both of the respective policies.

15.     More specifically, on or about October 5, 1990, Mr. Hill executed an Application for Policy Change (the "APC") with respect to Policy No. 1 and Policy No. 2. Pursuant to the APCs that were executed with respect to Policy No. 1 and Policy No. 2, Mr. Hill made the following transfers of ownership and changes in beneficiary designation:

| Policy  | Prior Owner     | New Owner       | New Beneficiary |
|---------|-----------------|-----------------|-----------------|
| 2000813 | Richard M. Hill | Courtney Hill   | Courtney Hill   |
| 2156490 | Richard M. Hill | Kerrington McCoy| Kerrington McCoy|

16.     As a result of the execution of the APCs identified in paragraph 15 above, and their submission to National Life, Mr. Hill relinquished all legal right, title and ownership in or over Policy No. 1 and Policy No. 2. As a result, the only persons that would have been legally authorized to effect any future change in Policy No. 1 or Policy No. 2 would have been Courtney (regarding Policy No. 1) and Kerrington (regarding Policy No. 2).

17.     While National Life recorded the APCs identified in paragraph 15 above within the respective policy files, an administrative oversight occurred (discovered only after the death of Mr. Hill) in that the Company failed to identify

within its computer system in 1990 that there had been a change in the ownership of Policy No. 1.

18. Approximately 10 years later, in February of 2000, Mr. Hill requested a loan against Policy No. 1 in the amount of $25,000.00. Because the National Life computer system did not reflect the change in ownership in Policy No. 1 that was made by Mr. Hill in 1990, the loan request was mistakenly processed by National Life and a check was issued to Mr. Hill on or about February 4, 2000 in the requested amount.

19. Approximately 4 days after the check was sent to Mr. Hill, and on or about February 10, 2000, Mr. Hill executed an Absolute Assignment with respect to Policy No. 1, pursuant to which he purported to (a) assign to Kerrington, all of the ownership interest in Policy No. 1 and (b) designate Kerrington as the beneficiary of the death proceeds payable under Policy No. 1. Because the National Life computer system did not reflect the change in ownership in Policy No. 1 that was made by Mr. Hill in 1990, the Company mistakenly accepted and recorded the absolute assignment and recorded the change so that the Company's records reflected Kerrington as the owner and sole beneficiary of Policy No. 1.

20. Mr. Hill died on January 18, 2005.

## **FIRST CAUSE OF ACTION**
(Request for Interpleader)

21. As set forth above, Richard M. Hill died on January 18, 2005. Following his death, National Life initiated a review of the policy files to determine the amount that was due and payable to the beneficiary under Policy No. 1. In the course of that review, the recording error that occurred in 1990 with respect to the APC on Policy No. 1 was discovered.

22. As a result of the discovery, National Life issued a series of communications to Kerrington and to Courtney in an attempt to have the 2 sisters resolve the discrepancy in the ownership and/or beneficiary designation by and among themselves. In the intervening period, National Life has withheld payment of the death benefit payable under Policy No. 1 and has placed the proceeds into a segregated reserve account.

23. To date, National Life believes that Kerrington and Courtney have been unable to come to an agreement over the ownership of the policy or the distribution of the death benefit. No lawsuits have been filed by any of the Defendants, as of the date of this Action. However, Plaintiff reasonably expects that lawsuits will be filed should this Court not resolve the competing claims of the Defendants. Plaintiff has recently been contacted by attorneys purporting to represent Kerrington, seeking payment of the death benefit under Policy No. 1 to Kerrington and to the exclusion of Courtney.

24. National Life recognizes its duty to judiciously and fairly distribute the death benefit to the appropriate beneficiary. Each of the Defendants in this action have or may have claims against the death benefit payable under Policy No. 1, which would subject National Life to multiple and conflicting claims and to multiple suits. National Life is incapable to determine which of the Defendants are entitled to be paid all or part of the death benefit payable under Policy No. 1.

25. As a result of the multiple and conflicting claims by the Defendants in this Action, National Life cannot, without Court intervention, safely pay the death benefit payable under Policy No. 1 to one or any of the Defendants.

26. Unless the Defendants are restrained or enjoined form prosecuting suits against Plaintiff, either directly or indirectly, and from any effort to collect from Plaintiff any judgment rendered in any such suits, National Life will be subjected to multiple or vexatious claims, inconsistent judgments, and will be prejudiced and subjected to numerous suits, the outcome of which will not be properly determinative of the individual to whom the death benefit should be paid. As a result, this matter falls within the scope of 28 U.S.C. § 2361.

27. Plaintiff is immediately willing to pay into the clerk of this Court the sum of $101,574.67 plus interest accrued to date, representing the total sum of the death benefit that National Life believes is due and payable to either Courtney and/or Kerrington under Policy No. 1, and to abide the orders and judgments of this Court with respect to that amount.

## SECOND CAUSE OF ACTION
(Declaratory Judgment Under 28 U.S.C. § 2201)

28. Plaintiff hereby incorporates each and every allegation within the paragraphs "1" through 27" of its Complaint with the same force and effect as if set forth herein.

29. There is an actual case and controversy between Plaintiff, the Estate and Kerrington in her Capacity as Executrix as to the monies that were paid in error to Mr. Hill in February of 2000. Plaintiff contends that the Estate is obligated to reimburse National Life for the monies that were paid in error, as National Life may be obligated to pay those monies to Courtney and/or Kerrington as part of the distribution of the death benefit payable under Policy No. 1.

30. National Life contends that it would be inequitable to obligate the Plaintiff to pay the money that was paid to Mr. Hill during his life, to either Courtney and/or Kerrington without reimbursement from the Estate because National Life would then be required to pay out more than it was obligated to pay under the life insurance contract. In addition, National Life contends that it would be inequitable to obligate the Plaintiff to pay the money that was already paid to Mr. Hill during his life, to either Courtney and/or Kerrington in light of the fact that the Estate was unjustly enriched and National Life reasonably believes that Courtney and/or Kerrington have or will receive distributions from the Estate.

31. Accordingly, National Life seeks a judgment declaring that the Estate is obligated to reimburse National Life for the $25,000 loan that was mistakenly

9

paid to Mr. Hill during his life as well as the accrued interest that has been charged to Policy No. 1 as a result of the loan, or alternatively, that National Life is relieved of the obligation to pay the loan amount and accrued interest to either Courtney and/or Kerrington as part of the death benefit payable under Policy No. 1.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

32. Plaintiff hereby incorporates each and every allegation within the paragraphs "1" through "31" of its Complaint with the same force and effect as if set forth herein.

33. When Plaintiff processed the loan request made by Mr. Hill and issued a checks to him in the amount of $25,000, Plaintiff reasonably believed that it was legally obligated to make such payment based upon Mr. Hill's mistaken status as the owner of Policy No. 1.

34. Plaintiff's mistaken payment to Mr. Hill during his life constitutes an unjust benefit to the Estate as well as to the beneficiaries that have or will receive a distribution from the Estate, which are believed to include Courtney and/or Kerrington.

35. Retention of the mistaken payment by the Estate or by Courtney and/or Kerrington would violate fundamental principles of justice, equity and good conscience.

**WHEREFORE**, Plaintiff, National Life Insurance Company, requests judgment as follows:

1. That each of the Defendants in this Action be ordered and commanded to interplead and settle among themselves, their rights and claims to the death benefit payable under Policy No. 1.

2. That this Court enter an order enjoining and restraining each and all of the Defendants form instituting or prosecuting further any proceeding in any State or federal Court on account of the claims against the death benefit payable under Policy No. 1 or the error associated with respect to the recording of ownership and/or beneficiary designation regarding Policy No. 1.

3. On final hearing, that each of the Defendants and their agents, attorneys, representatives, assigns, and all other persons claiming by, through, or under them or any of them, be perpetually enjoined and restrained from instituting or prosecuting further any proceeding in this or any other court of law or in equity against the Plaintiff on account of the claims against the death benefit payable under Policy No. 1 or the error associated with respect to the recording of ownership and/or beneficiary designation regarding Policy No. 1.

4. That Plaintiff be fully and finally discharged from all further liability upon payment of the death benefit under Policy No. 1 into this Court.

5. On the Second Cause of Action, a declaratory judgment that the Estate is obligated to reimburse National Life for the $25,000 loan that was mistakenly paid to Mr. Hill during his life as well as the accrued interest that has been charged to

11

Policy No. 1 as a result of the loan, or alternatively, that National Life is relieved of the obligation to pay the loan amount and accrued interest to either Courtney and/or Kerrington as part of the death benefit payable under Policy No. 1.

6. On the Third Cause of Action, the return of the $25,000 from the Estate that was mistakenly paid to Mr. Hill during his life as well as the accrued interest that has been charged to Policy No. 1 as a result of the loan or alternatively, permitting National Life to take a credit of those amounts as against the death benefit that is due and owing to either Courtney and/or Kerrington under Policy No. 1.

7. Such other and further relief as the Court may deem proper under the circumstances.

Dated: April 15, 2005

SHAPIRO, BEILLY, ROSENBERG,
ARONOWITZ, LEVY & FOX, LLP

By:_____
Barry I. Levy
(N.D.N.Y. Bar No. 511105)
A Member of the Firm
225 Broadway – 13th Floor
New York, New York 10007
(212) 267-9020

*Counsel for Plaintiff, National Life Insurance Company*

12